This cause came on for hearing upon the record of the circuit court of Licking county and was argued by counsel and submitted to the court. On consideration whereof the court finds, upon the undisputed evidence and admitted facts as shown *415 by the record, that the trustees of Hopewell township, and the superintendent of roads in said road district, plaintiffs, in error, were and are without authority to turn the.water from the west side of said Black Hand road on to the said lands of the said Myers described in the petition in any different way or in different places from the natural flow of the water falling upon the west side of said road, and that to the extent of preventing such action on the part of said trustees and superintendent of roads, but no further, said Myers is entitled to have and maintain the injunction by the said circuit court allowed.
The court further finds that, as shown by the record, the said lands of said Myers are servient to the lands composing the west half of said Black Hand road, and said lands of said Myers are therefore in law bound to take the natural flow of the water therefrom.
The court further finds that the said Myers has no right to insist that sa'id trustees and said superintendent shall construct or maintain, at the side of said road, any ditch for carrying the water falling upon the west half of said road down said road, or any embankment for the purpose of preventing the said surface water, so falling upon the west half of said road, from descending naturally upon the said lands of said Myers.
It is therefore considered and adjudged that the said judgment of the circuit court, as hereinbefore explained and construed, be and the same is hereby affirmed.
Summers, C. J., Crew, Spear, Davis and Price, JJ., concur.